IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **POGO RESOURCES, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-2682-L |
| | § | |
| **ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a member company of the Travelers group of insurers,** | § § § § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff Pogo Resources, LLC ("Pogo" or "Plaintiff") files this motion for leave to file a second amended complaint, and would respectfully show as follows.

## I. INTRODUCTION

On January 12, 2021, the Court entered its Memorandum Opinion and Order [Dkt. 53], in which it granted Defendant's Motion for Judgment on the Pleadings and dismissed "Plaintiff's claims for reformation/mutual mistake, waiver and estoppel, for deceptive trade practices, and bad faith" **with prejudice** and states that the claims remaining for trial are Pogo's "claims for breach of contract and tortious interference, as well as those for deceptive trade practices and bad faith based on the Pogo Policies."

As discussed more fully below and in the attached proposed Second Amended Complaint, Pogo seeks leave to file a Second Amended Complaint to (1) clarify the causes of action remaining in this case and cure potential pleading deficiencies and (2) seek

reconsideration of the Court's dismissal **with prejudice** of Pogo's claim for bad faith under the Paladin Policy. In accordance with Local Rule 15-1, a red-line comparison of Plaintiff's proposed second amended complaint against its previous complaint is attached hereto as Exhibit 1, and a clean version of the proposed second amended complaint, along with cited exhibits, is attached hereto as Exhibit 2.

## II.  BACKGROUND

Plaintiff filed its Original Petition in state court on September 27, 2019.  Defendant removed the case to federal court on November 11, 2019, and Plaintiff filed its first Amended Complaint on December 19, 2019.  Defendant filed its Motion to Dismiss certain of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(c) [Dkt. 20] on August 12, 2020.  The Court granted Defendants Motion to Dismiss with prejudice on January 12, 2021 [Dkt. 53].

The undersigned lead trial counsel was recently retained in this matter and made his first appearance in the case on January 22, 2021.  The purpose of this Motion for Leave to File Second Amended Complaint is not born from any bad faith, dilatory motive, or undue delay. Plaintiff does not seek to add any new causes of action or issues of dispute; rather this Motion for Leave seeks to clarify and bolster the remaining causes of action and to replead sufficient factual detail for its claim for bad faith under the Paladin Policies.  Because each of these causes of action have been asserted from the outset of case, Defendant will not be unduly prejudiced or burdened should leave to amend be granted.  Moreover, to the extent Defendant is able to demonstrate some prejudice, there is plenty of time for Defendant to cure such prejudice as the dispositive motion deadline is nearly five months away and trial will not occur until October 2021 at the earliest.

## III. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings. Under Rule 15(a), leave to amend should be "freely given when justice so requires." This and the other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

The Fifth Circuit has addressed this issue in *Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d 594, 597 (5th Cir. 1981) and observed that:

> "Discretion" may be a misleading term, for Rule 15(a) severely restricts the judge's freedom, directing that leave to amend "shall be freely given when justice so requires". It evinces a bias in favor of granting leave to amend. The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. *Id.* at 597-98

Since *Dussouy*, the Fifth Circuit has repeatedly held that Rule 15(a) evinces a liberal amendment policy. *See Lowery v. Texas A&M University System*, 117 F.3d 242, 245 (5th Cir. 1997). ("Rule 15(a) expresses a strong presumption in favor of liberal pleading"); *Nance v. Gulf Oil Corp.*, 817 F.2d 1176, 1180 (5th Cir. 1987) ("Federal Rule 15(a) counsels a liberal amendment policy"); *Youmans v. Simon*, 791 F.2d 341, 348 (5th Cir. 1986); *Foster v. Daon Corp.*, 713 F.2d 148, 152 (5th Cir. 1983) (the policy of Rule 15(a) is "to assist the disposition of the case on the merits, and to prevent pleadings from becoming ends in themselves"); *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982) (district court should err on the side of allowing amendment).

Indeed, following the Supreme Court's precedent, the Fifth Circuit has held that a court should allow leave to amend under Rule 15(a) unless there is a showing of undue delay, bad faith

or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). Moreover, courts in the Fifth Circuit "generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *See Guzman v. Nationstar Mortg. LLC*, No. 4:17-cv-823-O-BP, 2017 WL 6597959, at *2 (N.D. Tex. Dec. 8, 2017), *report and recommendation adopted*, No. 4:17-cv-823-O-BP, 2017 WL 6594199 (N.D. Tex. Dec. 26, 2017) (gathering cases and also citing *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) as an example of the Fifth Circuit vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice).

    **B.**    **Pogo's Proposed Amendments**

Plaintiff's proposed second amended complaint does not add any new causes of action. Nor is it being brought out of bad faith or with dilatory motive. Indeed, the motion is being filed within two weeks of the Court's recent Order of Dismissal under Rule 12. As detailed more fully in the Redline comparison of the proposed second amended complaint against Plaintiff's Amended Complaint [Dkt. 9], Plaintiff seeks to make the following amendments to its complaint:

First, Plaintiff has amended the case caption, preamble, and first paragraph of the Complaint to be consistent with Northern District of Texas practice.

Second, Plaintiff has amended Paragraphs 8-16 of the Complaint to include additional factual detail as to the underlying bankruptcy proceeding, where Paladin's interests in the insurance policies and claims at issue in this case were unequivocally assigned to Pogo. *See generally* Ex. 2 at ¶¶ 8-16. In its Order of Dismissal, the Court noted that "Plaintiff has not

alleged that it was a party to the Paladin Policies or a third-party beneficiary to the Paladin Policies, or that the actual parties to the Paladin Policies assigned them to it." *See* Order at 12. While the Court made this statement in the context of Pogo's reformation claim—which is not being reasserted—Pogo anticipates that Defendant may try to make similar arguments with regard to the surviving breach of contract and declaratory judgment claims arising out of the Paladin Policies. Pogo desires to avoid arguments at summary judgment that it has not adequately pleaded the assignment of Paladin's interests and claims under the Policies.

Furthermore, with regard to the dismissed claim for bad faith under the Paladin Policy, Pogo pleads the additional facts in Paragraphs 8-16 in the hope that the Court will reconsider its dismissal of the claim with prejudice and grant leave for Pogo to replead the claim. For one, because the Court dismissed this claim as a result of Defendant's first Rule 12 motion, such dismissal should be without prejudice, not with prejudice. *See Guzman*, 2017 WL 6597959, at *2. Moreover, the concerns raised by the Court as to Plaintiff's bad faith claim under the Paladin Policies are alleviated by the Second Amended Complaint. The Court reasoned in its Dismissal Order that "[w]hile a 'special relationship' exists between Plaintiff and Defendant under the Pogo Policies, they did not have a 'special relationship' with respect to the Paladin Policies because Plaintiff is not an insured or beneficiary under them." *See* Mem. Op. & Order at 18. However, as the amended factual detail in Paragraphs 8-16 demonstrate, there can be no dispute that through the bankruptcy proceeding Pogo acquired from Paladin, via the Purchase and Sale Agreement and related Assignments, (1) "any interests related to the insurance policies that may be in place to cover any liability" related to Pogo's environmental cleanup obligations under Sections 9.2 and 9.4 of the PSA and (2) all "claims" arising from damage to the acquired property and "all related rights, titles, claims and interests of [Paladin] arising on or after May 1,

2017. *See* Proposed 2d Am. Compl. ¶¶ 10-13. Pogo legitimately acquired Paladin's interests and claims under the Paladin Policies, including any ability to bring a claim for bad faith in relation to the environmental cleanup obligations.

Third, Plaintiff has revised the discussion of the Paladin Policies to (a) reflect that it has in fact now received the full policies and (b) specifically cite the conflicting endorsements on the Paladin Policies, which one of Travelers' own witnesses has admitted was an underwriting error.

Fourth, the Second Amended Complaint seeks to clarify the previously asserted, but not explained, claim for declaratory judgment. The preamble of the first Amended Complaint [Dkt. 9] states that Pogo is suing Travelers "for declaratory judgment," among other causes of action. However, in its list of causes of action, Pogo does not specify the nature of the declaratory relief it is seeking. While the declaratory relief sought can be inferred from the whole of the rest of the Complaint, out of an abundance of caution (and because the claim for declaratory relief is not included in the Court's list of claims remaining for trial in the Dismissal Order) Pogo now specifies the declarations it is seeking from the Court. This request for declaratory relief relates to the same factual allegations supporting Plaintiff's claims for breach of contract, minimizing any potential prejudice to Defendant. Conversely, if Plaintiff is not allowed to pursue its claim for declaratory relief, it could lose its opportunity to recover certain Spill B damages that may not be ascertainable until after the October 2021 trial.

Fifth, Plaintiff provides additional clarity as to its claims for breach of contract under the Paladin and Pogo Policies and ensures that the necessary elements for a breach of contract claim are pleaded as to each. While Defendant did not move for Rule 12 dismissal of these claims, Plaintiff anticipates that Defendants will try to challenge these claims via summary judgment.

Any such challenge should be decided on the merits of the claims, not on any potential pleading deficiencies. *See Dussouy*, 660 F.2d at 597.

Sixth, as discussed above, as to Plaintiff's bad faith claims under the Paladin Policies, Pogo asks the Court to reconsider its dismissal with prejudice and instead grant it leave to replead. As to Plaintiff's bad faith claim under the Pogo Policies, which Defendant did not move to dismiss, Plaintiff seeks to provide additional clarity that Defendant's obligation to act in good faith and with fair dealing arises both under statute and common law in Texas. In the context of its dismissal of Plaintiff's DTPA claim under the Paladin Policies, the Court noted that Plaintiff did not cite Section 541 of the Insurance Code. While Plaintiff has now removed any DTPA claim from its proposed Second Amended Complaint (as well as the other non-bad-faith dismissed causes of action) in order to better streamline the case, Pogo seeks leave to amend to clarify that its bad faith claim has both statutory and common-law elements.

Finally, Plaintiff has revised its request for attorneys' fees to include the proper statutory authority.

## IV.   PRAYER

In light of the foregoing, Plaintiff's amendment falls well within the liberal standard for freely allowing the amendment of pleadings. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . . the leave sought should, as the rules require, be 'freely given.'"). As detailed above, this motion is not made for purposes of surprise or delay, nor will any party be prejudiced by the granting of this motion. Accordingly, Plaintiff respectfully requests that the Court grant this motion allowing it to file a second amended complaint, order the Clerk of Court to file a copy of the Second Amended

Complaint and Exhibits in this matter (L.R. 15-1), and for such other and further relief, at law and in equity, to which it may be justly entitled.

Dated: January 21, 2021

                Respectfully submitted,

                */s/ Cortney C. Thomas*
                Cortney C. Thomas
                 Texas Bar No. 24075153
                 cort@brownfoxlaw.com
                **BROWN FOX PLLC**
                8111 Preston Road, Suite 300
                Dallas, Texas 75225
                (214) 327-5000
                Fax: (214) 327-5001

                Sarah E. Stogner
                 Texas Bar No. 24091139
                 sarah@stognerlegal.com
                **STOGNER LEGAL, PLLC**
                602 W. Cuthbert Ave.
                Midland, TX 79701
                504-214-0140

                *Attorneys for Plaintiff Pogo Resources, LLC*

## CERTIFICATE OF CONFERENCE

I hereby certify that co-counsel Sarah Stogner sent counsel for Defendant a copy of Pogo's proposed Second Amended Complaint and conferred regarding this Motion for Leave via email on January 20, 2021. Counsel for Defendant indicated that Travelers is opposed to the relief requested herein.

/s/ Cortney C. Thomas
Cortney C. Thomas

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system on January 22, 2021.

/s/ Cortney C. Thomas
Cortney C. Thomas